IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DUANE SPEARMAN                                                                    PETITIONER

V.                                                                         NO. 4:16-CV-128-DMB-RP

MARSHAL FISHER; and ATTORNEY
GENERAL JIM HOOD                                                               RESPONDENTS

## ORDER OF DISMISSAL

This habeas petition is before the Court for consideration of the motion to dismiss filed by the respondents, Marshal Fisher and Jim Hood. Doc. #7.

## I
## Procedural History

### A. Underlying State Proceedings

Sometime in January 2011, Duane Spearman was indicted in the Circuit Court of Washington County, Mississippi, on one count of armed robbery (Count I); and one count of armed robbery with a firearm enhancement (Count II). Doc. #7-2; Doc. #7-3. On September 26, 2011, Spearman pled guilty to the two counts of the indictment but not the firearm enhancement of Count II. Doc. #7-2. Following the guilty plea, the presiding judge sentenced Spearman to concurrent terms "of fifteen (15) years in the custody of the Mississippi Department of Corrections: Ten (10) years to serve followed by five (5) years Post Release Supervision." *Id*.

On or about July 7, 2014, Spearman filed in the Circuit Court of Washington County a "Motion for Post-Conviction Collateral Relief" ("PCR"). Doc. #7-3. Spearman's motion alleged that his conviction and judgment violated the Fifth and Sixth Amendments of the United States Constitution. *Id*. at 3. At an unknown time in 2015, Spearman filed a motion with the Mississippi Supreme Court seeking an order directing the Circuit Court to rule on his PCR

motion. *See* Doc. #7-5. The PCR motion was denied on September 29, 2015. Doc. #7-4. Approximately one week later, on October 5, 2015, the Mississippi Supreme Court denied Spearman's motion for mandamus relief. Doc. #7-5.

### B. This Action

On or about June 17, 2016, Spearman, acting pro se, filed the instant petition for a writ of habeas corpus. Doc. #1. Spearman's petition challenges the September 26, 2011, state court judgment. *Id*. at 1. Also on or about June 17, 2016, Spearman filed a motion to proceed in forma pauperis with his petition. Doc. #2.

On August 12, 2016, United States Magistrate Judge S. Allan Alexander issued an order granting the motion to proceed in forma pauperis and directing the respondents in this action to respond to the petition. Doc. #4. On October 21, 2016, the respondents filed a motion to dismiss Spearman's petition as barred by the applicable statute of limitations. Doc. #7. Spearman responded in opposition to the motion on or about December 17, 2016. Doc. #11. The respondents did not file a reply.

### II
### Analysis

This case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

> Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Where a petition is filed outside the one-year limitations period, the "application must be dismissed as untimely ... unless the one-year ... period was interrupted as set forth in 28 U.S.C. § 2244(d)(2)," *Zapata v. Cain*, 614 F.Supp.2d 714, 717 (E.D. La. 2007); or "rare and exceptional circumstances" justify equitable tolling of the limitations period, *Felder v. Johnson*, 204 F.3d 168, 170–71 (5th Cir. 2000).

Mississippi law does not provide for a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Accordingly, a judgment issued pursuant to a guilty plea is considered final on the date of sentencing. *See, e.g., Laneri v. Fisher*, No. 1:15-cv-310, 2016 WL 1600207, at *2 (S.D. Miss. Feb. 25, 2016) ("Mississippi law prohibits prisoners who plead guilty from filing a direct appeal. Laneri's conviction therefore became final on January 19, 2012, the date he was sentenced by the trial court.") (citation and footnote omitted).

Spearman was sentenced on September 26, 2011. Doc. #7-2. Accordingly, absent statutory or equitable tolling, the deadline to file his habeas petition was September 26, 2012, approximately 1,360 days before the date he filed this action.

In his response to the motion to dismiss, Spearman appears to argue that he is entitled to tolling because he did not receive the order denying his PCR motion for an unknown period of time. *See* Doc. #11. But, "[a] motion for post-conviction relief does not toll the one-year limitations period applicable to filing for habeas relief if the petition is filed after the limitations

3

period has expired." *Brooks v. Winchester*, No. 5:13-cv-190, 2014 WL 3548846, at *2 (S.D. Miss. July 17, 2014) (citing *Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003)); *Bruce v. Hall*, No. 2:11-cv-100, 2012 WL 243680, at *3 (S.D. Miss. Jan. 5, 2012) ("Petitioner's post-conviction relief request in state court was filed after the federal habeas statute of limitations had expired, and cannot toll the statute of limitations.") (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)). Thus, Spearman may not rely on his PCR motion to toll the limitations period. Spearman's petition is therefore untimely and the motion to dismiss must be granted.

### III
### Certificate of Appealability

This Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Proceedings for the United States District Courts. A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

### IV
### Conclusion

For the reasons above, the respondents' motion to dismiss [7] is **GRANTED** and

4

Spearman's petition is **DISMISSED**. A certificate of appealability is **DENIED**. A final judgment consistent with this opinion will issue separately.

**SO ORDERED**, this 25th day of September, 2017.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**